

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### No. PD-0257-10

### DAMON ASBERRY, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS
### McLENNAN COUNTY

**JOHNSON, J., delivered the opinion for a unanimous Court.**

### O P I N I O N

A jury convicted appellant of murder and sentenced him to life imprisonment. Appellant raised several claims on appeal, including an assertion that the trial court abused its discretion in denying appellant's requests for the appointment of an investigator and for an independent examination of DNA evidence. The court of appeals concluded that appellant's motions were insufficient to establish his need for an investigator or a DNA expert and, therefore, overruled that claim. *Asberry v. State*, 2009 Tex. App. LEXIS 8512 (Tex. App.—Waco 2009)(not designated for publication). We have reviewed the record and affirm the judgment of the court of appeals.

We granted two of appellant's five grounds for review.

Does an indigent defendant who is requesting funds for an independent examination of the State's DNA evidence have to present to the trial court an affidavit from an expert in order for the trial court to approve funds for an independent DNA examination?

Does an indigent defendant who is requesting funds for an investigator have to present to the trial court an affidavit from an expert in order for the trial court to approve funds for an investigator?

The record reflects that appellant filed pretrial motions for appointment of an investigator and for an independent examination of DNA evidence. At the hearing on the motion, appellant's attorney pointed out that there had been an earlier suspect and that the attorney felt that he had an obligation "to search out" and conduct some follow-up investigation of that person, and that, in order for him to "obtain that proper investigation and coverage in filling out [his] duties," he was "seeking to have a local investigator from the McLennan County area." He added that he was a lawyer, not an investigator, and on behalf of his client respectfully asked for "a little bit of assistance, authorization of funds, in order for [him] to be able to follow up on leads in order to mount [his client's] defense." Counsel also noted that he was from Corsicana, and his ability to investigate locally was limited. Both appellant and his mother testified about his parent's meager finances and appellant's minuscule jail account. That testimony also indicated that appellant was incarcerated in the county jail without bond and that his attorney was retained by his parents. At that hearing, the state acknowledged that "an investigator might be necessary in a murder case," but questioned the propriety of appointing one when counsel had been retained. The trial court took "those two matters under advisement" and subsequently denied both motions.

On appeal, appellant raised a claim that the trial court abused its discretion in denying his requests for the appointment of an investigator and for an independent examination of DNA

evidence. The court of appeals overruled that claim, holding that appellant's motions were insufficient to establish his need for an investigator or a DNA expert. *Asberry v. State*, 2009 Tex. App. LEXIS 8512. Specifically, the court of appeals noted that appellant "did not attach any affidavit, expert or otherwise, or any other evidence to support his motions, offering nothing more than counsel's undeveloped assertions." *Id*. at *3.

Appellant asserts that there is no state or federal statutory requirement that an indigent defendant obtain an affidavit from an expert in order to secure the services of a court-appointed expert; nor has this Court or the United States Supreme Court ever established such a requirement. He argues that it is counterintuitive to require an indigent defendant to secure the services of an expert in order to obtain an affidavit from that expert, so that he can then attach that affidavit to his motion requesting funding from the court to retain an expert. He insists that such a requirement essentially forecloses an indigent defendant from ever getting court-appointed expert assistance. Appellant also suggests that the court of appeals has implicitly held that his attorney should have put his assertions into the form of an affidavit, essentially requiring trial counsel to file a verified pleading in support of his request for investigative assistance.

The state argues that the court of appeals did not overrule appellant's motions because he did not produce an expert affidavit, but rather overruled them because he did not produce any affidavit, expert or otherwise, or any other evidence to support his motions. It contends that the court of appeals correctly held that appellant offered only undeveloped assertions that he needed re-testing of DNA evidence and an investigator. The state also contends that investigators are not covered by *Ake* because investigators do not meet the criteria for experts set by *Ake* in that they do not gather facts through the type of professional examination that psychiatrists conduct. It also suggests that

investigators rarely share these facts with the jury, do not draw conclusions, make diagnoses, or offer opinions on any medical or scientific conditions, do not suggest probative questions to ask opposing investigators, do not translate any of their findings into language that will assist the jury, and, unlike most experts, can describe only what they observe and cannot identify any elusive or often deceptive evidence that lay people cannot perceive. The state agrees with appellant that the answer to the questions which appellant's grounds ask is "No." (State's Brief, p. 11.) However, the state maintains that the court of appeals did not hold that there is such a requirement.

In reviewing the court of appeals' opinion, we note that it cited to the United States Supreme Court's opinion in *Ake v. Oklahoma*, 470 U.S. 68 (1985). *Ake* involved an indigent defendant whom the trial court found to be mentally ill, in need of treatment, and incompetent to stand trial. Ake was ordered committed to a mental hospital and subsequently sought to raise an insanity defense, but the trial court denied Ake's requested appointment of a psychiatrist to assist in his defense. The United States Supreme Court held that

> when a defendant has made a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at trial, the Constitution requires that a State provide access to a psychiatrist's assistance on this issue if the defendant cannot otherwise afford one.
>
> . . . .
>
> when a defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial, the State must, at a minimum, assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense.

*Ake*, 470 U.S. at 74 & 83.

We note that the Supreme Court also stated that it was not saying that the indigent defendant has a constitutional right to choose a psychiatrist of his personal liking or to receive funds to hire his

own, but rather was concerned that the indigent defendant have access to a competent psychiatrist for the relevant purpose. *Id*. at 83. It announced that, as it did with the right to counsel, it would "leave to the State the decision on how to implement this right." *Id*.

Appellant cites the federal statute providing for appointment of expert witnesses for indigent defendants and discusses the various federal circuits' standards in determining what constitutes a "necessary for adequate representation" showing under that statute. He points out that the applicable federal statute does not include a requirement of attaching an affidavit to a motion requesting the assistance of a court-appointed expert for an indigent criminal defendant.

He also asserts that "Texas statutes that provide for the appointment of expert witnesses for indigent defendants do not require an affidavit from an expert." In support of this assertion, appellant cites TEX. CODE CRIM. PROC. art. 26.044(h): "A public defender may employ attorneys, licensed investigators, and other personnel necessary to perform the duties of the public defender as specified by the commissioners court[.]" He also cites TEX. CODE CRIM. PROC. art. 26.05(h): "Reimbursement of expenses incurred for purposes of investigation or expert testimony may be paid directly to a private investigator licensed under Chapter 1702, Occupations Code, or to an expert witness in the manner designated by appointed counsel and approved by the court." Although this is not a death-penalty case, appellant also cites TEX. CODE CRIM. PROC. art. 26.052(f), which provides for the appointment of counsel in a death-penalty case and the reimbursement of investigative expenses, specifically permitting appointed counsel to file with the trial court a pretrial *ex parte* confidential request for advance payment of expenses to investigate potential defenses.

Appellant seems to suggest that the failure of these statutes to mention any requirement that an affidavit from an expert accompany a request for such appointment manifests the legislature's

recognition of the absurdity of requiring an indigent defendant to secure the services of an expert in order to obtain a court-appointed expert. He also asserts that "the legislature has shown itself to be perfectly capable of requiring affidavits in other contexts involving criminal law," e.g. application for expunction (TEX. CODE CRIM. PROC. art. 55.02 § 2a(b)), petition for extraordinary relief (TEX. R. APP. P. 52.3(j)), motion for continuance (TEX. CODE CRIM. PROC. art. 29.08), and eligibility for community supervision (TEX. CODE CRIM. PROC. art. 42.12 § 4(d)(3)).

Appellant also asserts that this Court has never explicitly required indigent defendants to obtain an affidavit from an expert in order to qualify for court-appointed assistance. He cites ten of our opinions in which indigent defendants sought the appointment of expert assistance. Among these opinions is *Williams v. State*, 958 S.W.2d 186, 193 (Tex. Crim. App. 1997), in which we "indicated that a defendant needs to offer affidavits or 'evidence' in making [the *Ake* threshold] showing." The state agrees that an indigent defendant who requests funds for expert and investigatory assistance is not required to present an affidavit from an expert before the trial court may approve such funds.

While we hold that a request for an investigator or DNA testing at state expense need not include an affidavit from an expert, we note that the court of appeals did not include such a requirement in its analysis. It held merely that appellant's motions "were insufficient to establish his need for an investigator or a DNA expert." *Asberry*, *supra*, 2009 Tex. App. LEXIS 8512 at *3. It observed that, in cases holding that a sufficiency showing was not made under *Ake*, typically the defendant had failed to support his motion with: 1) affidavits or other evidence in support of his defensive theory, 2) an explanation as to what his defensive theory was and why expert assistance would be helpful in establishing that theory, or 3) a showing that there was reason to question the

state's expert and proof. *Id*. (citing *Rey v. State*, 897 S.W.2d 333, 341 (Tex. Crim. App. 1995)). It then pointed out that appellant "did not attach any affidavit, expert or otherwise, or any other evidence to support his motions, offering nothing more than counsel's undeveloped assertions." *Id*. It concluded that appellant's motion failed to make a sufficient showing under *Ake*, not simply because of the absence of an affidavit from an expert, but rather the absence of any affidavits "or other evidence" in support of appellant's defensive theory, explanations regarding that defensive theory, or a showing that there was a reason to question the state's expert and proof. *Id*.

## Conclusion

The court of appeals concluded that appellant's motions were insufficient to establish his need for an investigator or a DNA expert. While its opinion mentioned the lack of affidavits, expert or otherwise, it did not hold that an affidavit from an expert was required for an indigent defendant to be entitled to the requested funds for assistance. It merely required some evidence in support of the motion.

Because the court of appeals did not hold that a request for an investigator or DNA testing at state expense must include an affidavit from an expert, and appellant's grounds for review are contingent upon a holding that there was such a requirement, we hold that appellant is not entitled to relief. The judgment of the court of appeals is affirmed.

Delivered: February 16, 2011
Do not publish